CHARLES JOHNSON, an Infant, by ANDREW JOHNSON, his Guardian ad Litem, Appellant, *v.* YELLOW PINE COMPANY, Respondent.

*Negligence — injury from the fall of a pile of lumber maintained on private property on a boy standing between high and low water in the Harlem river.*

In an action to recover damages for personal injuries, it appeared that the defendant maintained a lumber yard upon a strip of land abutting on the Harlem river; that there was a fence between the upland and the river, the shore outside of this fence being covered with water at high tide and being bare at low tide: that the plaintiff, a boy nine years of age, with two companions, went through the lumber yard to the beach for the purpose, as stated by him, of bailing a boat, and that while he was standing on two planks, the part upon which he stood being in the water and the other part on the land, a pile of lumber, which was upon the defendant's premises inside of the fence and above the high-water line, for some unexplained reason, fell out into the river and seriously injured the plaintiff.

There was no evidence that the defendant had been negligent in piling the lumber or maintaining it in its position.

It did not appear that there was any approach to the strip of land between the fence and the river except over the defendant's property, and there was nothing to show that such strip of land was a part of the navigable river or a public highway or a public place to which the public was entitled to go.

*Held,* that the complaint was properly dismissed;

That the plaintiff had not established any negligence on the part of the defendant;

That in view of the plaintiff's failure to establish the public character of the strip of land between the fence and the river the rule *res ipsa loquitur* did not apply.

HATCH, J., dissented.

APPEAL by the plaintiff, Charles Johnson, an infant, by Andrew Johnson, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of October, 1900, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

*J. Aspinwall Hodge, Jr.,* for the appellant.

*H. Snowden Marshall,* for the respondent.

INGRAHAM, J.:

The defendant occupies a strip of land abutting on the Harlem river between One Hundred and Twenty-fifth and One Hundred and Twenty-sixth streets, in the city of New York, and a pier or dock extending into the river, the upland being used for the storage of lumber. There was a fence between the upland and the river, and the shore outside of this fence would seem to have been covered with water at high tide, but bare at low tide. The plaintiff, a boy nine years of age, was at or near the shore between high and low-water mark in front of the upland used by the defendant, and a large pile of lumber which was upon the defendant's premises inside of the fence and above the high-water line, for some unexplained reason, fell out into the river, and the plaintiff was, by the fall of this lumber, seriously injured, sustaining a fracture of both legs.

A witness called by the plaintiff testified that he was standing on the boat house near One Hundred and Twenty-fifth street, and he saw two boys in a small boat and one standing alongside the river front, when a lot of lumber fell from a lumber pile which was upon the plaintiff's premises; that one boy was carried out into the river and the other two boys ran to the boat house; that the boy who was carried into the river had one foot on a log and one foot on the beach. Another witness called by the plaintiff testified that he was with the plaintiff at the time of the accident; that three boys, of whom the witness was one and the plaintiff another, went down to the river through the lumber yard and got on the beach by walking

between the timbers; that the witness and his companion got into a boat, and that the plaintiff stood on two timbers — a part of the timber was on the land and the other part in the water; that while they stood there the timber fell; that it was not low tide. The other companion of the plaintiff testified that the three boys went down to the water together; that he and the former witness got into the boat, and that the plaintiff went out and stood on two beams tied together, playing in the water, when the timber fell and the plaintiff was injured. The plaintiff testified that he and his two companions went down to the water to bail out a boat; that he went over and stood on two planks nailed together; that a part of the planks he stood on was in the water and the other on the land, and that was all that he remembered. There was no explanation as to the cause of the lumber falling. It was not alleged in the complaint and there was no evidence that there was negligence in piling the lumber or maintaining it in its position; nothing upon which to base a finding of negligence, unless it is a case in which we are justified in applying the rule *res ipsa loquitur.*

The statement of one witness that the water had eaten the foundation away was not evidence of negligence, as it did not appear that this had any relation to the accident, nor how long it had continued. The allegations of the complaint are that the Harlem river is a navigable stream and, therefore, a public highway, and that the plaintiff while lawfully upon this public highway, was injured by the fall of this pile of timber into the highway, and it is claimed that from this fact alone there is a presumption of negligence which imposed a liability upon the defendant. The complaint also alleged that this strip of land, partly under water, was not owned or leased by the defendant, but this allegation was denied by the answer and there was no evidence as to the title of the land outside of this fence upon which the plaintiff stood at the time he was injured. If it be assumed from the testimony that the plaintiff was upon the strip of land between high and low-water mark, there was nothing to show that it was upon a part of the navigable river, and there was no presumption that this strip of land was a part of the highway, no evidence that the title was in the public, or that it was used for navigation or commerce. There appears to have been no approach to this land except over the defendant's property, and there was

nothing to show that it was used by the public. Whether the plaintiff stood with one foot upon the land and the other foot upon a log or timber, or stood a few feet out on the timber so that he was wholly over the water, is not material. He was not upon the navigable part of the river engaged in navigation, or upon what could be said to be a part of the navigable stream.

If we assume that the plaintiff was not a trespasser, he was there for his own purposes, not upon the invitation of the defendant or with its consent. To him the defendant owed no duty of protection; and while any one injuring him negligently would be liable, the plaintiff to sustain the action must allege and prove negligence. It was certainly not negligent for the defendant to pile lumber upon its own property adjacent to this tideway, and, as before stated, the action was based upon the defendant's negligence, and there was no evidence that the lumber was negligently piled or that the accident happened because of the negligence of the defendant. This strip between high and low-water mark not being, so far as appears from this evidence, a part of the navigable river, or a public highway or public place to which the public were entitled to go, the rule *res ipsa loquitur* does not apply.

It follows that the judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and LAUGHLIN, JJ., concurred; HATCH, J., dissented.

Judgment and order affirmed, with costs.